No. 1072    December 10, 2025    607

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of K. X. D.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

L. L. D.,
*Appellant.*

Linn County Circuit Court
25JU00805; A187613

Heidi M. Sternhagen, Judge pro tempore.

Submitted October 30, 2025.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Gabe Newland, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Affirmed.

**O'CONNOR, J.**

Mother appeals a juvenile court judgment in which the court took jurisdiction over mother's six-year-old daughter, K. The court took jurisdiction on the grounds that mother and father have failed to meet K's dental needs. Mother presents a combined argument in support of four assignments of error. She challenges the sufficiency of the evidence to support the juvenile court's conclusion that the Oregon Department of Human Services (ODHS) met its burden under ORS 419B.100(1)(c)[1] to establish that K's "condition or circumstances are such as to endanger" her welfare. We affirm.

ODHS alleged that K is within the jurisdiction of the juvenile court pursuant to ORS 419B.100(1) because, among other things, mother has failed to meet K's dental needs. ODHS made the same allegation against father. Father is not a party to this appeal.

We view the evidence in the light most favorable to the juvenile court's decision to take jurisdiction. *Dept. of Human Services v. T. L. H. S.*, 292 Or App 708, 709, 425 P3d 775 (2018). We do not restate the facts in detail because the parties are familiar with them. In summary, over several years, parents did not follow the advice of doctors and dentists regarding K's dental care. ODHS became involved because of a medical provider's concern of medical neglect. Mother made dental appointments for K after ODHS became involved. At the time of the jurisdictional trial, K's teeth were worn down to the gumline, "severely rotted," "black," and contained "severe dental decay," which risked causing even more serious health issues. K needed a "full mouth rehabilitation under general anesthesia," according to a board-certified pediatric dentist.

Mother does not dispute that the risk associated with neglect of K's dental care and treatment was sufficiently

---

[1] ORS 419B.100(1) provides, in relevant part, that

"the juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"*****

"(c) Whose condition or circumstances are such as to endanger the welfare of the person or of others[.]"

serious to authorize dependency jurisdiction if realized. She focuses her argument on ODHS's failure, in her view, to meet its burden to show that that risk was likely to be realized without juvenile court intervention. She relies on evidence that her day-to-day care of K was generally adequate and evidence she had made an appointment for K to have a consultation with an oral surgeon after the jurisdictional trial. But the evidence, in the light most favorable to the juvenile court's determination, also established that mother and father had for years declined to provide K with needed dental care and treatment when ODHS was not involved, which led to severe damage to K's teeth. That evidence permitted the juvenile court to conclude that ODHS met its burden under ORS 419B.100(1)(c). *See Dept. of Human Services v. C. J. T.*, 258 Or App 57, 61-62, 308 P3d 307 (2013) (explaining ODHS's burden under ORS 419B.100(1)(c)).

Mother also argues that the juvenile court impermissibly shifted the burden to her to prove that it should not take jurisdiction. ODHS argues that the argument is unpreserved. Assuming, without deciding, that mother preserved that argument, we reject it. The juvenile court's statements that mother argues shifted the burden are, in context, explanations for how ODHS met its burden. Accordingly, we affirm.

Affirmed.